Loralei SONES–MORGAN and Pamela J. Hurst, Plaintiffs-Appellees,

v.

The HERTZ CORPORATION, Defendant-Appellant.

No. 83–5025.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 5, 1983.

Decided Jan. 16, 1984.

Rehearing and Rehearing En Banc Denied March 22, 1984.

er, the Hertz Corporation. Chief District Judge Robert M. McRae, Jr. heard the consolidated cases without a jury. In a memorandum opinion published at 542 F.Supp. 123 (1981), Judge McRae found that plaintiffs had been discriminated against and denied promotions on the basis of their sex. He further found that both plaintiffs were well qualified for the positions sought by them, and that the articulated nondiscriminatory explanations advanced by the employer were pretextual. Further, Judge McRae found that plaintiffs were denied promotions to positions for which they were qualified and men were appointed instead "because a cadre of male management preferred men in management positions at Hertz and disfavored the promotion of women." (542 F.Supp. at 125).

Appellant asserts that men applicants were selected for employment on the basis of merit and that the applications of plaintiffs, both of whom had been long-time employees of Hertz, were rejected because the men had superior job qualifications.

After reference to a Magistrate, the district court entered judgment in favor of plaintiff Sones-Morgan for $21,394.52 and in favor of plaintiff Pamela J. Hurst for $19,544.40. Hertz appeals. We affirm.

The Supreme Court has held that a finding of discrimination is subject to the clearly erroneous rule, Federal Rules of Civil Procedure 52(a). *Pullman-Standard Division of Pullman, Inc. v. Swint,* 456 U.S. 273, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982); *Dayton Board of Education v. Brinkman,* 443 U.S. 526, 534, 99 S.Ct. 2971, 2977, 61 L.Ed.2d 720 (1979), *reh'g denied,* 444 U.S. 887, 100 S.Ct. 186, 62 L.Ed.2d 121 (1979).

J. Edward Wise, David P. Jaqua (argued), Memphis, Tenn., for defendant-appellant.

Alan Bryant Chambers, Memphis, Tenn., for plaintiffs-appellees.

Before LIVELY, Chief Judge, JONES, Circuit Judge and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

Plaintiffs filed actions pursuant to 42 U.S.C. § 2000e–16 charging that they had been discriminated against by their employ-

 We conclude the district court's findings that Hertz was guilty of discrimination and that its contentions of nondiscriminatory reasons for employing men were pretextual are findings of fact that

are not clearly erroneous. *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). However, we point out that the district judge made an error, perhaps inadvertently, in his language holding that after the plaintiffs had made out a *prima facie* case of sex discrimination the burden "of persuasion" was shifted to the employer. The words "of persuasion" should have been omitted. The only burden that shifts at this stage of the proceedings is the burden of going forward with admissible evidence of a legitimate, nondiscriminatory reason for not promoting the plaintiffs. This is harmless error, however, because the record shows that the district court correctly applied the rule that "the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Burdine, supra,* 450 U.S. at 253, 101 S.Ct. at 1093.

The district court also stated that an injunction should issue against Hertz, its agents, servants and employees restraining them from making certain kinds of comments described in the opinion. The record does not indicate that any injunction was issued. The question of the injunction therefore is not before this Court on the present appeal.

The judgment of the district court is affirmed. The costs of this appeal are assessed against appellant.